AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, (Bar No. 3572)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail:  drands@ag.nv.gov

AARON D. FORD
  Attorney General
CRAIG NEWBY (Bar No. 8591)
  Chief Legal Counsel
D. RANDALL GILMER (Bar No. 14001)
  Chief Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Tel:  (702) 486-9246 / (702) 486-3427
Email: cnewby@ag.nv.gov; dgilmer@ag.nv.gov

*Attorneys for Defendants State of Nevada ex rel.*
*Nevada Department of Corrections, Charles Daniels*
*William Quenga, Brian Williams, James Jones,*
*William Gittere, Calvin Johnson, Jeremy Bean,*
*Frank Dreesen, Gary Piccinini, and Ronald Oliver*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS SNIDER and LAUREN SNIDER, individually and as Special Administrators of the ESTATE OF ISAIAH SHARP, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, on relation of the NEVADA DEPARTMENT OF CORRECTIONS; CHARLES DANIELS, individually and as Director of the Department of Corrections; et al.<br><br>Defendants. | Case No.  2:22-cv-01723-RFB-VCF<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants, Nevada Department of Corrections ("NDOC"), Charles Daniels, William Quenga, Brian Williams, James Jones, Calvin Johnson, Calvin Johnson, Jeremy Bean,

Frank Dreesen, Gary Piccini, and Ronald Oliver (collectively, the "Individual Defendants"), by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, Craig Newby, Chief Litigation Counsel, D. Randall Gilmer, Chief Deputy Attorney General and Douglas R. Rands, Senior Deputy Attorney General, hereby answer Plaintiffs' Second Amended Complaint ("Complaint") as follows:

**A.   STATEMENT OF JURISDICTION AND VENUE**

1. Defendants admit jurisdiction exists under NRCP 8(a)(4), NRS 13.040 and NRS 41.130. Defendants deny jurisdiction is proper on any other basis.

**B.   PARTIES**

2. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

3. Defendants admit that the Nevada Department of Corrections is a Department of the State of Nevada, and that High Desert State Prison is a prison facility within the Nevada Department of Corrections. Defendants deny all remaining allegations set forth in this paragraph.

4. Defendants admit that Charles Daniels is a Nevada resident and was employed by the Nevada Department of Corrections as its Director. Defendants deny all remaining allegations set forth in this paragraph.

5. Defendants admit that William Quenga is a Nevada resident, employed by the Nevada Department of Corrections and was its Deputy Director. Defendants deny all remaining allegations set forth in this paragraph.

6. Defendants admit that Brian Williams is a Nevada resident, employed by the Nevada Department of Corrections and was its Deputy Director of Operations. Defendants deny all remaining allegations set forth in this paragraph.

7. Defendants admit that James Jones is a Nevada resident and employed by the Nevada Department of Corrections as its Inspector General. Defendants deny all remaining allegations set forth in this paragraph.

/ / /

8. Defendants admit that William Gittere is a Nevada resident, employed by the Nevada Department of Corrections and was its acting Deputy Director of Programs. Defendants deny all remaining allegations set forth in this paragraph.

9. Defendants admit that Calvin Johnson is a Nevada resident and employed by the Nevada Department of Corrections as the Warden of High Desert State Prison. Defendants deny all remaining allegations set forth in this paragraph.

10. Defendants admit that Jeremy Bean is a Nevada resident and employed by the Nevada Department of Corrections as an Associate Warden of High Desert State Prison. Defendants deny all remaining allegations set forth in this paragraph.

11. Defendants admit that Frank Dreesen is a Nevada resident, employed by the Nevada Department of Corrections and was an Associate Warden at High Desert State Prison. Defendants deny all remaining allegations set forth in this paragraph.

12. Defendants admit that Gary Piccinini is a Nevada resident and was employed by the Nevada Department of Corrections as an Associate Warden at High Desert State Prison. Defendants deny all remaining allegations set forth in this paragraph.

13. Defendants admit that Ronald Oliver is a Nevada resident and employed by the Nevada Department of Corrections and as an Associate Warden at High Desert State Prison. Defendants deny all remaining allegations set forth in this paragraph.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

16. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

///

///

**C.     GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18. Defendants admit that Isaiah Sharp was incarcerated within the Nevada Department of Corrections beginning in 2018. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

20. Defendants admit that Tonopah Conservation Camp is a prison facility within the Nevada Department of Corrections. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

22. Defendants admit that Andrew Hilford has been incarcerated within the Nevada Department of Corrections since 2008. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

23. Defendants admit that Andrew Hilford was incarcerated within the Nevada Department of Corrections at High Desert State Prison on January 21, 2021. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

24. Defendants admit that Isaiah Sharp shared a cell with Andrew Hilford on March 14, 2021 and that Isaiah Sharp was found unresponsive in his cell on that date. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

25. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

/ / /

### D. FIRST CAUSE OF ACTION
**Negligence**

26. Defendants repeat and reallege the responses set forth in the preceding paragraphs.

27. Defendants admit they owed a duty of care to Isaiah Sharp. Defendants deny the remaining allegations set forth in this paragraph.

28. Defendants deny the allegations set forth in this paragraph.

29. Defendants deny the allegations set forth in this paragraph.

30. Defendants deny the allegations set forth in this paragraph.

31. Defendants deny the allegations set forth in this paragraph.

32. Defendants deny the allegations set forth in this paragraph.

### E. SECOND CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983**

33. Defendants repeat and reallege the responses set forth in the preceding paragraphs.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in this paragraph, and therefore, deny on that basis.

35. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

36. Defendants admit that Isaiah Sharp was United States citizen. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations set forth in this paragraph, and therefore, deny on that basis.

37. Defendants admit that Isaiah Sharp had rights under the Eighth and Fourteenth Amendments of the United States Constitution.

38. Defendants deny the allegations set forth in this paragraph.

39. Defendants deny the allegations set forth in this paragraph.

40. Defendants deny the allegations set forth in this paragraph.

41. Defendants deny the allegations set forth in this paragraph.

42. Defendants deny the allegations set forth in this paragraph.

43. Defendants deny the allegations set forth in this paragraph.

### F. THIRD CAUSE OF ACTION
### Violation of the Constitution of the State of Nevada

44. Defendants repeat and reallege the responses set forth in the preceding paragraphs.

45. Defendants admit that the Nevada Department of Corrections is a Department of the State of Nevada.

46. Defendants admit that Defendants Daniels, Quenga, Williams, Jones, Gittere, Johnson, Bean, Dreesen, Piccinini and Oliver are or were employed by the Nevada Department of Corrections. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations with respect to other Defendants set forth in this paragraph, and therefore, deny on that basis.

47. Defendants deny the allegations set forth in this paragraph.

48. Defendants admit the allegations set forth in this paragraph.

49. Defendants admit that Isaiah Sharp was a Nevada citizen and had rights under the Nevada Constitution.

50. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

51. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

52. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

53. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

54. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants deny.

///

55. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants admit.

56. The references set forth in this paragraph do not require a response. To the extent a response is required, Defendants deny.

57. Defendants admit that Isaiah Sharp had rights under the Nevada Constitution.

58. Defendants deny the allegations set forth in this paragraph.

59. Defendants deny the allegations set forth in this paragraph.

60. Defendants deny the allegations set forth in this paragraph.

61. Defendants deny the allegations set forth in this paragraph.

62. Defendants deny the allegations set forth in this paragraph

63. Defendants admit that they acted in the course and scope of their employment while on duty. Defendants deny the remaining allegations set forth in this paragraph.

64. Defendants deny the allegations set forth in this paragraph.

65. Defendants deny the allegations set forth in this paragraph.

## G.  AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants are not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

**THIRD AFFIRMATIVE DEFENSE**

This action is time-barred by applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants, at all relevant times, acted in good faith. Therefore, Defendants are entitled to qualified good faith immunity from damages.

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified and absolute immunity.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times herein, Defendants acted in accordance with applicable law and prison procedures that are constitutionally required.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to state a cognizable constitutional claim under the Nevada Constitution, the Nevada Revised Statutes, the United States Constitution and 42 U.S.C. § 1983.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate damages, if any, and therefore, are barred from seeking any damages hereunder.

**NINTH AFFIRMATIVE DEFENSE**

The decedent was negligent in his conduct and such negligence is the sole, primary and superseding cause of any damages sustained by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' punitive damage claims are barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

**TWELFTH AFFIRMATIVE DEFENSE**

At all-times relevant, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were legally and proximately caused by third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' conduct ratified any alleged wrongful conduct by the answering Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability as a matter of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to sovereign immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The negligence of Plaintiffs caused or contributed to any injuries or damages which Plaintiffs may have sustained, and the negligence of the Defendants, if any, requires that the damages of Plaintiffs be denied or diminished in proportion to the amount of negligence attributable to Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants cannot be sued for monetary damages while acting in their official capacity in a civil rights action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The doctrines of res judicata and/or collateral estoppel bar Plaintiffs from asserting the matters set forth in their Complaint and also acts as a bar to any relief sought by Plaintiffs.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants reserves the right to amend this answer to allege additional affirmative defenses if subsequent discovery so warrants.

/ / /

/ / /

/ / /

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiffs take nothing by virtue of their Complaint.
2. For attorney fees and costs of suit herein.
3. A jury trial is demanded.

DATED this 9th day of December, 2022.

          AARON D. FORD
          Attorney General

          By: */s/Douglas R. Rands*
             DOUGLAS R. RANDS, Bar No. 3572
             Senior Deputy Attorney General

          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 9, 2022, I electronically filed the foregoing, **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

> Leah Ronhaar, Esq.
> William Jeanney, Esq.
> BRADLEY, DRENDEL & JEANNEY
> P.O. Box 1987
> Reno, NV 89505

An employee of the
Office of the Nevada Attorney General